**In re George G. VENTURA, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 99–BG–1420, 01–BG–688.**

District of Columbia Court of Appeals.

Submitted May 28, 2002.
Decided June 6, 2002.

Before STEADMAN and FARRELL, Associate Judges, and BELSON, Senior Judge.

PER CURIAM.

In this consolidated disposition of a criminal conviction matter and a reciprocal discipline proceeding, the Board on Professional Responsibility recommends that reciprocal discipline be imposed on respondent in the form of a suspension for ninety days, followed by unsupervised probation for nine months.[1] The recommendation stems from respondent's conviction in Ohio state court of four misdemeanor counts charging unauthorized access to computer systems, and from subsequent attorney discipline imposed by the state of Utah— where respondent resided—upon a finding that, among other things, he had revealed confidential information relating to a former client and committed criminal acts reflecting adversely on his honesty, trustworthiness, or fitness as a lawyer.[2] As Bar Counsel has noted, the criminal offenses for which respondent was convicted related directly to his practice of law.

Respondent has filed no objection to the Board's report and recommendation. Bar Counsel likewise supports the recommendation. Given our limited scope of review in these circumstances, *see In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995), we accept the recommendation of the Board.[3] It is therefore

ORDERED that respondent is suspended from the practice of law in the District of Columbia for ninety days, followed by a period of unsupervised probation for nine months. Both are to be *nunc pro tunc* to August 22, 2001, the date when respondent filed the affidavit required by D.C. Bar R. XI, § 14(g). In addition, respondent shall submit proof of having completed the *pro bono* work required by the Utah court. See note 1, *supra*.

*So ordered.*

---

1. In addition, the Board recommends that respondent be required to file evidence that he has performed twenty hours of *pro bono* work, as required by the disciplinary state, Utah.

2. Upon receipt of the Utah suspension order, this court suspended respondent pursuant to D.C. Bar Rule XI, § 11(d).

3. The Board agreed with Bar Counsel that because respondent's misdemeanor convictions did not involve moral turpitude, *see* D.C.Code § 11–2503 (2001), or amount to "serious crime[s]" within the meaning of D.C. Bar Rule XI, § 10(b), original discipline proceedings in this jurisdiction are not required. We accept that determination.